J-S57045-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| CLARENCE BURBAGE, | : | |
| | : | |
| Appellant | : | No. 3692 EDA 2017 |

Appeal from the PCRA Order November 9, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001040-2012
CP-51-CR-0001045-2012

BEFORE:   PANELLA, J., PLATT, J.* and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 14, 2018**

Clarence Burbage (Appellant) appeals from the November 9, 2017 order, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We provide the following background.  On May 22, 2011, Appellant participated in the shooting of Danny Williams in his left buttocks in an attempt to kill him.  An arrest warrant was issued for Appellant. Subsequently, on May 27, 2011, Appellant shot Williams eight times, and Williams was killed.  Appellant was charged at docket number CP-51-CR-0001040-2012 (docket 1040) with both attempted murder and robbery, and at docket number CP-51-CR-0001045-2012 (docket 1045) with first-degree murder.  A consolidated jury trial was held on May 31, 2013, and Appellant was found guilty of numerous charges at both docket numbers.  Appellant

*Retired Senior Judge assigned to the Superior Court.

was sentenced to life in prison without parole (LWOP) for the first-degree murder conviction. He was also sentenced to a concurrent term of five-to-ten years of incarceration for the robbery conviction. No further penalty was imposed on the remaining charges. This Court affirmed Appellant's judgment of sentence on August 21, 2015, and our Supreme Court denied Appellant's petition for allowance of appeal on April 5, 2016. *See Commonwealth v. Burbage*, 131 A.3d 98 (Pa. Super. 2015), *appeal denied*, 136 A.3d 978 (Pa. 2016).

On November 8, 2016, Appellant timely filed a *pro se* PCRA petition at both docket numbers.[1] Although it is not clear from the record when counsel was appointed, at some point in 2017, Attorney James A. Lammendola was appointed to represent Appellant. On October 2, 2017, Attorney Lammendola filed a no-merit letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[2] On October 5, 2017,

---

[1] In that petition, Appellant asserted that trial counsel was ineffective for not bringing forth information that Appellant was unarmed at the second incident until Williams reached for a weapon; that trial counsel was ineffective for not explaining that "intent is part of the test for [first-]degree murder;" that trial counsel was ineffective for failing to explore "included lesser offenses;" and that defense counsel was too inexperienced to handle this case. *See* PCRA Petition, 11/8/2016, at 3-4.

[2] Although both docket numbers are listed on the no-merit letter, it was filed only at docket 1040. In this filing, counsel set forth the aforementioned issues raised in Appellant's *pro se* PCRA petition. He also considered the

the PCRA court filed notice of its intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907.[3] On October 19, 2017, Attorney Lauren A. Wimmer entered an appearance at both dockets. On November 9, 2017, the PCRA court dismissed Appellant's PCRA petition by entry of separate orders at each docket number. On November 16, 2017, Appellant, through Attorney Wimmer, filed a single notice of appeal.[4] On November 9, 2017, the PCRA court authored an opinion, which listed both dockets in its caption.[5]

Appellant has raised the following issues on appeal.[6]

---

issue of whether trial counsel was ineffective for not challenging the LWOP sentence. **Turner**/**Finley** Letter, 10/2/2017, at 8.

[3] That notice was filed only at docket 1045.

[4] The appeal was filed at docket 1045, but listed both docket numbers on the filing.

[5] That opinion was filed on November 9, 2017, at docket 1045 and on November 16, 2017, at docket 1040. The PCRA court did not order a Pa.R.A.P. 1925(b) statement, and none was filed.

[6] On February 21, 2018, this Court issued a rule to show cause to Appellant as to why the appeal should not be quashed for failure to file separate notices of appeal at each docket number. Appellant timely filed a response, arguing we should not quash this appeal because the notice of appeal listed both docket numbers. Response, 2/23/2018.

The Official Note to Pennsylvania Rule of Appellate Procedure 341(a) provides that "[w]here … one or more orders resolves issues arising on more than one docket … separate notices of appeal must be filed." On June 1, 2018, in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court acknowledged that this rule has been applied inconsistently in the past. Thus, it held that for appeals filed after Walker, "when a single

I. Whether [Attorney Lammendola] was ineffective for failing to raise in an amended PCRA petition that trial counsel was ineffective for failing to request a justification charge.

II. Whether [Attorney Lammendola] was ineffective for failing to raise in an amended PCRA petition that appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred in admitting, over trial counsel's objection, Commonwealth witness Mike/Jerry Holloman's statement, "Murder killed Danny."

III. Whether [Attorney Lammendola] was ineffective for failing to raise in an amended PCRA petition that trial counsel was ineffective for failing to request a jury charge regarding prior consistent statements.

IV. Whether the PCRA court erred in denying Appellant's request for an extension of time to file an amended PCRA petition.

Appellant's Brief at 3-4 (answers omitted).

Instantly, Appellant's first three claims allege that prior PCRA counsel, Attorney Lammendola, was ineffective in his representation of Appellant. It is well-settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Moreover, issues related to the ineffective assistance of PCRA counsel must be raised in response to a *Turner*/*Finley* letter or in response to a Pa.R.Crim.P. 907

_____

order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." *Id*. at 977.

Here, the notice of appeal was filed prior to *Walker*. Furthermore, throughout these PCRA proceedings, both the PCRA court and counsel filed various items listing both docket numbers at only one docket number. This has clearly created confusion in the certified record and perhaps confusion for the court, attorneys, and parties. Thus, we decline to quash this appeal.

notice. **See Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*).

Here, Appellant claims that when Attorney Wimmer entered her appearance on October 19, 2017, she filed a response to the Rule 907 notice asserting the foregoing ineffective-assistance-of-counsel claims. These are the same three issues she now raises on appeal. **See** Appellant's Brief at 6-7. However, our review of the certified record at both dockets as well as the certified docket entries does not reveal the existence of her response.

It is well-settled that "an appellate court is limited to considering only the materials in the certified record when resolving an issue." **Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa. Super. 2006). "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." **Id.** at 7. Thus, the absence of this document renders these issues waived.[7]

---

[7] It does appear that the PCRA court considered a document filed by Attorney Wimmer, although it is unclear what was in that document. **See** PCRA Court Opinion, 11/9/2017, at 2 n.3 ("On October 19, 2017, Lauren A. Wimmer, Esq. attempted to enter her appearance and filed a 907 Response on [Appellant's] behalf. In the [Rule] 907 Response, counsel demands an evidentiary hearing on the basis that appellate counsel was ineffective for failing to object to the admission of an alleged hearsay statement implicating [Appellant] as the shooter, and alleges that the issues raised in [Appellant's] *pro se* petition were meritorious, and that PCRA counsel was ineffective for failing to preserve them in the form of an amended petition."). Thus, based upon this short explanation, it appears that even if this document were in

Finally, Appellant claims the "PCRA court erred in denying counsel's request for an extension of time to file an amended PCRA petition." Appellant's Brief at 18. According to Appellant, this issue was raised in her response to the Rule 907 notice. *Id*. However, as discussed supra, that document is not included in the certified record. Accordingly, this issue is waived as well.

Because Appellant has waived all issues on appeal, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/14/18

_the certified record, the issues raised on appeal were not raised in this response. Thus, they would still be waived._